ORESTES A. CROSS, State Bar No. 250471
THOMAS J. O'BRIEN, State Bar No. 274969
WALSTON CROSS, Attorneys
735 Montgomery Street, Suite 250
San Francisco, California 94111
Telephone: (415) 956-9200
Facsimile: (415) 956-9205

Attorneys for Plaintiffs
KATHY YOUNT and ESTATE OF DYLAN YOUNT

*GRANTED*
*Judge Maria-Elena James*
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY YOUNT, ESTATE OF DYLAN YOUNT,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE DEPARTMENT, SAN FRANCISCO FIRE DEPARTMENT, DOES 1-5, Inclusive,<br><br>    Defendants. | Case No. CV 11 1141 MEJ<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Trial Date:      Not Set<br>Hearing Date:  June 16, 2011<br>Time:           10:00 a.m. |

The parties submit the following case management statement:

**1.   Jurisdiction and Service**

Plaintiff filed this case in federal court and asserts federal question jurisdiction. All defendants have been served and have answered. Defendants do not contest federal jurisdiction at this time, nor do defendants expect to contest personal jurisdiction or venue.

**2.   Facts**

Plaintiff's Facts:

On February 16, 2010, Dylan Yount walked on to the ledge of his building in the Union Square neighborhood of San Francisco, California. After a crowd formed, officers joined the crowd in

encouraging Mr. Yount to "get it over with" and jump. After being encouraged by the crowd, Mr. Yount jumped off the building.  Upon falling, Mr. Yount was not medically treated and died.

Defendant's Facts:

On February 16, 2010, Dylan Yount walked on to the ledge of his building in the Union Square neighborhood of San Francisco, California.  After a crowd formed, Mr. Yount jumped off the building in an apparent suicide attempt.  Mr. Yount was killed as a result of the jump.

The parties expect that the following facts will be in dispute:

1. Whether City officials, namely San Francisco Police Department officers, encouraged Mr. Yount to jump off of his building; and

2. The nature of the City's response to Mr. Yount's apparent suicide.

**3.      Legal Issues**

Plaintiff's Issues:

1. Whether the City violated any duty of care owed to Mr. Yount.

2. Whether the City, and its employees, encouraged Mr. Yount to commit suicide.

3. Whether the City's response to Mr. Yount's apparent suicide violated Mr. Yount's rights under the federal constitution;

4. Whether there is any municipal or supervisorial liability for the City's failure to control the crowd, and control the officers,

5. Whether the City's conduct with regard to Mr. Yount's death violated Mr. Yount's rights under the California Constitution.

Defendant's Issues:

The Complaint makes several claims arising out of Mr. Yount's apparent suicide.  The following legal issues will be disputed as to these claims:

1. Whether the City violated any duty of care owed to Mr. Yount in responding to his apparent suicide;

2. Whether the City's response to Mr. Yount's apparent suicide violated Mr. Yount's rights under the federal constitution;

3. Whether there is any municipal or supervisorial liability for the SFPD's response to Mr. Yount's apparent suicide; and

4. Whether the SFPD's response to Mr. Yount's apparent suicide violated Mr. Yount's rights under the California Constitution.

**4.     Motions**

Defendants anticipate moving for summary judgment. Specifically, defendants anticipate filing a narrow motion for summary judgment after a limited, mutual exchange of discovery, described further below. Should this narrow motion for summary judgment not dispose of the case entirely, discovery will be completed and defendants request leave to file a second motion for summary judgment at the conclusion of discovery. The parties have met and conferred concerning defendants' anticipated motions.

**6.     Evidence Preservation**

Defendants have asked the relevant City departments to preserve evidence, have gathered pertinent documentation regarding the City's response to Mr. Yount's apparent suicide, and believe that no evidence has been lost or destroyed.

**7.     Disclosures**

The parties have stipulated that they will not make initial disclosures at this time, and will instead proceed with the discovery identified below in section 8.

**8.     Discovery**

The parties have met and conferred about discovery and report that they have agreed to a mutual, limited exchange of discovery in advance of defendants' anticipated motion for summary

judgment.  The discovery anticipated by each party is as follows (and does not prejudice either party's right to seek further discovery should defendants' motion for summary judgment not dispose of the case entirely):

    1.    Defendants intend to depose Beto "Mooncricket" Lopez, a filmmaker who allegedly filmed the suicide attempt, and subpoena Mr. Lopez's footage of the event;

    2.    Defendants will produce documents concerning the events of February 16, 2010. Defendants shall provide these documents by Thursday, June 23, 2011.

    3.    Plaintiffs intend to depose five to ten percipient witnesses from the City solely on the topic of the events that occurred on February 16, 2010. Plaintiffs are presently unaware of the identities of these witnesses and expect to become aware of their identities after being furnished the documents mentioned above.

    4.    The parties anticipate that documents can be exchanged and depositions completed within 180 days.

**9.    Class Actions**

This is not a class-action matter.

**10.    Related cases**

The parties are unaware of any related cases.

**11.    Relief**

Plaintiffs are is seeking general, special, and punitive damages.

**12.    Consent to Magistrate Judge for All Purposes**

In accordance with the provisions of 18 U.S.C. Section 636(c), the parties hereby consent to have United States Magistrate Judge Maria-Elena James conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment, and voluntarily waive the right to proceed before a United States District Judge, subject to the following sentence:  The parties do not consent to proceed before any Magistrate Judge other than the Honorable Maria-Elena James.

**13.    Other Reference**

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.    Narrowing of Issues**

The issues can be narrowed by defendants' anticipated motion for summary judgment.

**15.    Expedited Schedule**

The parties do not request an expedited schedule at this time.

**17.    Scheduling**

The parties propose that the Court refrain from setting a trial date or any pre-trial deadlines in light of defendants' anticipated motion for summary judgment.

**18.    Trial**

The parties have demanded a jury trial.  The length and scope of trial would depend on what claims survive summary judgment, but a five to ten day trial would be anticipated.

**19.    Disclosure of Non-Party Interested Entities or Persons**

Plaintiff:  Plaintiff is not aware of any non-party interested entities or persons.

Defendants:  By the terms of Rule 3-16, defendants are exempt from the certification requirement.

**20.    Other matters**

None at this point.

///

///

///

| | |
|---|---|
| 1   Dated: June 9, 2011 | WALSTON CROSS, ATTORNEYS |

Dated: June 9, 2011

WALSTON CROSS, ATTORNEYS

                          /s/
Thomas J. O'Brien
Attorneys for Plaintiff

Dated: June 9, 2011

DENNIS J. HERRERA,
CITY ATTORNEY

                          /s/
Marc R. Lewis
Attorneys for Defendants

*Pursuant to GO 45, the electronic signatory has obtained approval from this signatory.